UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD TURNER,

        Plaintiff,                                  Hon. Paul L. Maloney

v.                                                Case No. 1:20-CV-930

L.A. INSURANCE,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action against L.A. Insurance challenging Defendant's conduct following a motor vehicle accident in which Plaintiff was involved.[1] (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

---

[1] Two additional individuals are identified as plaintiffs in the complaint. These individuals did not sign the complaint. Furthermore, there is no indication that Plaintiff is an attorney permitted to represent these individuals. Accordingly, the individuals in question are not recognized as parties to this action.

1

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following. On an unspecified date, Plaintiff and two other individuals were involved in a motor vehicle accident in which they were "rear ended." All three occupants of Plaintiff's vehicle suffered serious physical injuries. The driver of the vehicle that rear-ended Plaintiff was "found to have been negligent and responsible for the traffic accident." At the time of the accident, Plaintiff was insured by Defendant L.A. Insurance, which thereafter failed to satisfy its obligations under the parties' insurance contract. As a result, Plaintiff and the other occupants of Plaintiff's vehicle have been unable to obtain medical treatment for injuries suffered in the subject motor vehicle accident. As demonstrated below, Plaintiff's allegations do not state a claim under federal law. Moreover, while Plaintiff may state a claim under Michigan law, he has failed to establish that this Court has the jurisdiction to resolve such a claim.

In an attempt to assert a claim under federal law, Plaintiff cites to several provisions. First, Plaintiff cites to 49 U.S.C. §§ 30101, 32303, which are provisions of the Motor Vehicle Safety Act. The Motor Vehicle Safety Act does not provide for a private right of action, however. *See, e.g., Exum v. National Tire and Battery*, 437 F.Supp.3d 1141, 1145 (S.D. Fla. 2020); *McCabe v. Daimler AG*, 948 F.Supp.2d 1347, 1366 (N.D. Ga. 2013). Plaintiff also cites to 23 U.S.C. §§ 402, 403. These are provisions of the Highway Safety Act, which likewise does not provide for a private right of action. *See, e.g., Peruta v. City of Hartford*, 2012 WL 3656366 at *15 (D. Conn., Aug. 24, 2012). Thus, Plaintiff cannot assert claims under these provisions. Plaintiff also cites to the

3

Fifth and Fourteenth Amendments to the United States Constitution, but asserts no facts that support a claim under either provision.

While Plaintiff's complaint might reasonably be interpreted as asserting one or more claims under Michigan law, Plaintiff has failed to allege facts sufficient for the Court to exercise jurisdiction over any such claim.  The jurisdiction of the federal courts is strictly limited.  For this Court to hear an action asserting only state law claims, referred to as diversity jurisdiction, Plaintiff must clear two hurdles.  First, Plaintiff must demonstrate that the amount in controversy is greater than $75,000.  *See* 28 U.S.C. § 1332.  Second, Plaintiff must demonstrate that the parties are "citizens of different States."  *Id.*  While Plaintiff has sufficiently alleged that the amount in controversy exceeds $75,000, he has failed to establish that he and Defendant are citizens of different states.  Thus, Plaintiff has failed to satisfy his burden to invoke this Court's diversity jurisdiction.  *See, e.g, Cleveland Housing Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) ("the party invoking federal court jurisdiction . . . has the burden of demonstrating by competent proof" that the prerequisites of diversity jurisdiction are satisfied).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim under federal law on which relief may be granted and for failing to allege facts sufficient to invoke this Court's diversity jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                Respectfully submitted,

Date: October 1, 2020                        /s/ Phillip J. Green
                                                          PHILLIP J. GREEN
                                                          United States Magistrate Judge